**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **INSIGHT SECURITIES, INC., an Delaware corporation,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-cv-02836** |
| **v.** | ) | |
| | ) | **Judge: Hon. Charles R. Norgle, Sr.** |
| **FERNADO HABERER, DARIO** | ) | |
| **EPSTEIN, DIEGO ALEJANDRO** | ) | **Magistrate Judge: Hon. Susan E. Cox** |
| **SAULROMAY, and RADO** | ) | |
| **LIMITED PARTNERSHIP, a New** | ) | |
| **Zealand Limited Partnership,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR ENTRY OF JUDGEMENT AGAINST DEFENDANT HABERER**

Plaintiff, Insight Securities, Inc.("Insight"), by and through its undersigned attorneys, and, for its Motion for Entry of Judgement Against Defendant Haberer, states as follows:

1.     On June 14, 2021, Insight and Defendant Fernando Haberer ("Haberer") entered into a settlement agreement regarding this matter ("the Settlement Agreement"), a copy of which is attached as Exhibit "A" hereto.

2.     Thereafter, Insight moved to dismiss this matter and the Court entered an order of dismissal on June 16, 2021.

3.     Pursuant to the Settlement Agreement, Haberer was to make an initial payment of $17,500 followed by payments of

4.     Pursuant to the Settlement Agreement, Haberer agreed to pay Insight

   a.   $17,500 on August 1, 2021;
   b.   $17,500 on September 1, 2021;
   c.   $17,500 on October 1, 2021;

d. $17,500 on November 1, 2021;
e. $17,500 on December 1, 2021;
f. $17,500 on January 1, 2022;
g. $17,500 on February 1, 2022;
h. $17,500 on March 1, 2022;
i. $17,500 on April 1, 2022;

5. Haberer made the initial $17,500 payment and the $17,500 payments due August 1, 2021 and September 1, 2021 but failed to make the October 1, 2021 payment. *See* Declaration of Carlos Legaspy (a copy of which is attached as Exhibit "B" hereto

6. Pursuant to ¶ 6 of the Settlement, in an event of a default, Haberer agreed that a judgement in the amount of $500,000 less the amount of payments received, plus %$5,000 in attorney's fees and interest at 9% per annum until paid, would be entered against him. Settlement Agreement at ¶ 6.

7. Pursuant to ¶ 4 of the Settlement Agreement, on Insight provided notice to Haberer on October 18, 2021 of the breach of the Settlement Agreement as a result of his having failed to make the October 1, 2021 payment. *See* Exhibits "D" and "C" hereto and ¶ 4 of Legaspy Declaration.

8. Haberer failed to cure the breach and therefore notice of an intent to seek judgement (a copy of which is attached as Exhibit "D" hereto) was served on his attorney via email pursuant to ¶ 10 of the Settlement Agreement. *See* Legaspy Declaration at ¶ 5 and Exhibit "E" hereto. This notice was also sent to the attorney via UPS. *See* Exhibits "F" and "G" hereto and Legaspy Declaration at ¶ 5 and ¶ 6.

9. Attached as Exhibit "H" hereto is a completed judgement order that fills in the blanks in the agreed judgement order attached as Exhibit "B" to the Settlement Agreement.

WHEREFORE, Plaintiff prays that judgement be entered in the amount of $447,500 plus $5,000 in attorney's fees with interest to run at 9% per annum until the judgement is satisfied.

Respectfully Submitted

One of Plaintiff's' attorneys

Nicholas P. Iavarone, Esq.
The Iavarone Firm, P.C.
561 Arbor Lane
South Elgin, IL 60177
(800) 417-0580 (fax)
niavarone@iavaronefirm.com

## CERTIFICATE OF SERVICE

Nicholas P. Iavarone, an attorney admitted to practice law in the State of Illinois, declares that on June 15 23, 2021 he caused a copy of the attached Motion for Entry of Judgement Against Defendant Haberer to be served via email to:

Christopher Esbrook, Esq. (christopher.esbrook@esbrooklaw.com)
Michael Stephan Kozlowski, Jr. (michael.kozlowski@esbrooklaw.com)
ESBROOK LAW LLC
77 W. Wacker Dr Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681

M. Paula Aguila, Esq. (paguila@thempalawfirm.com)
The MPA Law Firm
1395 Brickell Avenue
Suite 800
Miami Florida 33131
Telephone: (305) 200-8845


Nicholas P. Iavarone, an attorney admitted to practice law in the State of Illinois, declares that on October 29, 2021 he caused a copy of the attached Notice of Filing to be served deposited in the U.S. (proper postage affixed) and addressed to:

M. Paula Aguila, Esq. (paguila@thempalawfirm.com)
The MPA Law Firm
1395 Brickell Avenue
Suite 800
Miami Florida 33131
Telephone: (305) 200-8845


_____
Nicholas P. Iavarone

The Iavarone Law Firm, P.C.
2516 Waukegan Road, #399
Glenview, Illinois 60025
 (312) 637-9466
(800) 417-0580 (fax)
niavarome@iavaronefirm.com

# Exhibit "A"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT and GENERAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into this 14 day of June , 2021 (the "Execution Date") by and Fernando Haberer ("Haberer") and Insight Securities, Inc. ("Insight") and Carlos Legaspy (jointly the "Insight Parties"). Haberer and the Insight Parties are collectively referred herein as the "Parties," and each individually as "Party."

WHEREAS, Insight has filed an action against Haberer in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 19-cv-02836 and styled Insight Securities, Inc. v. Fernando Haberer, et al. ('the Case"), alleging various torts committed by Haberer and which seeks in excess of $1 million in compensatory damages as well as punitive damages;

WHEREAS, the Parties acknowledge that Haberer has not admitted any liability in this or any other matter, whatsoever. The Parties further acknowledge that this has been a contested matter in all respects and that the settlement of this matter is based primarily upon economic considerations. All Parties agree that the execution of this Agreement is not an admission of liability of any kind on the part of Haberer.

WHEREAS, the Parties, aware of the cost and uncertainty of litigation are desirous of resolving the matter and all claims the Insight Parties have against Haberer, including those claims that are or could have been alleged in the Case;

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained, it is agreed as follows:

1.    Installment Payments. Haberer agrees to pay to Insight the total amount of ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($175,000.00) according to the terms set forth below (the "Installment Payments"):

a. $17,500 within 30 (thirty) calendar days of the Effective Date of this Agreement (as defined by Paragraph 15 hereunder);

b. $17,500 on August 15, 2021;

c. $17,500 on September 15, 2021;

d. $17,500 on October 15, 2021;

e. $17,500 on November 15, 2021;

f. $17,500 on December 15, 2021;

g. $17,500 on January 15, 2022;

h. $17,500 on February 15, 2022;

i. $17,500 on March 15, 2022;

j. $17,500 on April 15, 2022;

The Installment Payments: (a) will be in the form of a Wire Transfer to Insight pursuant to the wire instructions specified in Schedule A hereto; PROVIDED THAT the first payment that is due within 30 (thirty) days of the signing of this agreement shall be in the form of a Wire Transfer to Nicholas P. Iavarone, an attorney for the Insight Parties, pursuant to the wire instructions specified in Schedule B, who shall hold such funds until an order of the dismissal of the case is entered on the court docket before forwarding the Funds to Insight. Haberer reserves the right to pre-pay any or all of the Installment Payments, without penalty or further credit, and shall wire the payments through a third-party entity unrelated to him, which provides services for sending money abroad.

2. <u>Dismissal of Case</u>. Within ten (10) calendar days of the Effective Date of this Agreement, the Insight Parties shall file a dismissal with prejudice of all claims in the Case against Haberer, including all claims for costs, pre- and post-judgment interest, all attorney's fees, and all damages and relief which could be awarded in a final judgment entered in this case,

including punitive damages (the "Dismissal") in the form annexed hereto as "Exhibit A" and incorporated into this Agreement by reference.

3. Events of Default. If: (i) any payment due under this Agreement is not sent by the due date set forth herein; or (ii) any check or payment given to Insight hereunder is dishonored or reversed by the remitting bank; or (iii) any voluntary or involuntary bankruptcy or insolvency proceeding concerning Haberer is commenced; or (iv) if there occurs any other default of any term or provision hereof by any Party, then, upon the occurrence of any such event (each an "Event of Default"), the defaulting Party shall be in breach of this Agreement, subject to the terms of paragraph 4.

4. Cure Period for Event of Default. If an Event of Default occurs, the parties shall have five (5) business days after receipt of notice from the non-defaulting Party of the Event of Default, to cure such default. Failure to timely cure the default shall cause the defaulting Party to be in breach of this Agreement ("Breach").

5. Remedies.

a. The Parties agree that the dismissal of the action is an essential term of this Agreement. Therefore, upon the occurrence of a Breach by the Insight Parties of section 2 above, this Agreement shall become null, void and unenforceable, and the Parties shall be in the same position as if this Agreement had never been entered.

b. The Parties agree that the amount of damages being claimed in the Case are uncertain and difficult to prove. Therefore, upon the occurrence of a Breach by Haberer of sections 3(i) or 3(ii) above, Haberer shall pay to Insight the sum of $500,000 (which the Parties agree is reasonable), less any amounts paid under this Agreement, plus simple interest thereon at the annual rate of nine percent (9%) per annum from the date of the Breach until full repayment, plus all costs incurred in connection with the enforcement of this Agreement,

including attorneys' fees in the amount of $5,000.00, filing fees, statutory costs, and disbursements (the "Default Amount") shall be immediately due and payable in full by Haberer, and Insight may exercise all legal and equitable rights and remedies to enforce this Agreement and/or obtain judgment against Haberer for the Default Amount, including, but not limited to, commencement of legal action to obtain judgment against Haberer for the Default Amount, which Haberer hereby consents to, or entry of judgment against Haberer using the Agreed Judgment delivered pursuant to Paragraph 6 below.

6.      Agreed  Judgment.  Contemporaneous  with  signing  this  Agreement, Haberer shall execute and deliver an Agreed Judgment ("Judgment"), in the form annexed hereto as "Exhibit B", which Judgment is incorporated into this Agreement herein by reference, which Judgment will be held in escrow by counsel for Insight pursuant to the terms of this Agreement. The Judgment shall provide for the entry of a judgment in the amount of $500,000 less any payments made hereunder, plus simple interest thereon at the annual rate of nine (9%) percent per annum from the date of the Breach until full repayment, plus all costs incurred in connection with the enforcement of the Agreement, including attorney's fees in the amount of $5,000.00, filing fees, statutory costs and disbursements, in the United States District Court for the Northern District of Illinois, Eastern Division or in the Circuit Court of Cook County, Illinois. Should the Judgment be inadvertently, mistakenly, wrongfully or prematurely filed, then Insight agrees that Haberer shall have an immediate right to all costs incurred in connection with the filing of the Agreed Judgment, including attorney's fees, filing fees, statutory costs and disbursements.

7.      Further Assurances. Each Party agrees to do and perform, or cause to be done and performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, instructions, instruments and documents, as the other Party may

reasonably request in order to carry out the intent and accomplish the purposes of this Agreement and the consummation of the transactions contemplated hereby.

8.      Joint and Several Liability. The covenants, agreements, obligations and liabilities of the Insight Parties hereunder shall be joint and several in all respects.

9.      Consent to Jurisdiction.  The Parties irrevocably consent and submit to the jurisdictions and venues of the United States District Court for the Northern District of Illinois, Eastern Division, or the Circuit Court of Cook County, Illinois, exclusively for any litigation relating to this Agreement and for entry of judgment against him in the event of a default thereunder, and expressly waive any objection as to the jurisdiction and venue of such court.

10.     Service of Process.  Haberer hereby irrevocably appoints M. Paula Aguila, 1395 Brickell Avenue, Suite 800, Miami FL 33131 as his agent, exclusively for acceptance of process for and summons and pleadings issued in an action to enforce this Agreement.  The Insight Parties irrevocably appoint Nicholas P. Iavarone, 561 Arbor Lane, South Elgin, Illinois 60177, as their agent, exclusively for acceptance of process for and summons and pleadings issued in an action to enforce this Agreement.

11.     Release of Haberer. As a material inducement to Haberer to enter into this Agreement, and in return for Haberer's complying with his obligations under this Agreement, including, but not limited to, payment of the Settlement Payment or the Judgment, the Insight Parties for themselves, their heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter collectively referred to as the "Releasors"), hereby forever acquit, satisfy, forever discharge and release Haberer, his agents, representatives, heirs, successors, attorneys and assigns (collectively referred to as "Releasees") of and from any and all manner of action and actions, cause and causes of action, charges, suits, rights, debts, dues,

sums of money, expenses, costs, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, charges, obligations, liabilities and demands of any kind or nature whatsoever, at law or in equity, which any of the Releasors may have had, ever had, claim to have had, now have, may claim to have or claim to have, or which their executors, administrators, successors, or assigns hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever which are or may be based upon any facts, acts, conduct, representations, omissions, contracts, claims, events, causes, matters or things of any conceivable kind or character existing or occurring at any time on or before the Effective Date of this Agreement including, but not limited to any and all claims for damages of any kind, an and all claims arising out of the facts or circumstances alleged in the Case or which could have been alleged therein, and any and all claims arising out of the execution of this Agreement, including all claims for costs, pre- and post-judgment interest, all attorney's fees, and all damages and relief which could be awarded in a final judgment entered in this case, including punitive damages. For purposes of this paragraph, the term Insight Parties shall also include any third parties in which the Insight Parties have an interest, or which have an interest in the Insight Parties, including, but not limited to, the following: Myrna Hernandez, Rob Hernandez, Jerry Schwartz, Horwitz and Associates Inc, Henry urquidi, Intelligenics Inc, Triumphe Leasing Group, Insight Americas Consulting Inc, Insight Insurance Services inc, and Precise Investment Management, Inc. The Insight Parties hereby admit that the individuals listed in this paragraph have an interest in the Insight Parties and that the Insight Parties have an interest in the entities identified above.

12.     Non-Admission by Haberer. It is specifically understood and agreed that this Agreement does not constitute and is not to be construed as an admission by Haberer of: (i)

any violation of any federal, state or local law, statute or regulation; (ii) the commission by Haberer of any other actionable wrong; (iii) any wrongdoing of any type or nature; (iv) any liability; or (v) any fact alleged in the Case.

13.      Release by Haberer. As a material inducement to the Insight Parties to enter into this Agreement, and in return for their complying with their obligations under this Agreement, including, but not limited to, timely filing of the Dismissal, Haberer, for himself, his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter collectively referred to as the "Other Releasor"), hereby forever fully releases, discharges and acquits the Insight Parties, any and all of their affiliates and related entities, parent and subsidiary corporations, divisions, shareholders, employee benefit plans and/or pension plans or funds, successors, assignors and assigns, and its and their past, present or future officers, directors, trustees, fiduciaries, administrators, employees, agents, representatives, predecessors, and shareholders (hereinafter collectively referred to as "Other Releasees") from any and all claims, charges, demands, sums of money, actions, rights, causes of action, obligations and liabilities of any kind or nature whatsoever, at law or in equity, which Haberer may have had, claims to have had, now has, may claim to have or claims to have, which are or may be based upon any facts, acts, conduct, representations, omissions, contracts, claims, events, causes, matters or things of any conceivable kind or character existing or occurring at any time on or before the Effective Date (as defined in Paragraph 15 hereunder) of this Agreement including, but not limited to any and all claims for damages of any kind and any and all claims arising out of the execution of this Agreement.

14.      Material Breach. The parties agree that any breach of the provisions of the agreement which are not cured as set forth above shall be considered a material breach of this Agreement. In the event of such a breach (and in addition to any other legal or equitable

remedy it may have), the party seeking to enforce such provisions shall be entitled to seek recovery of the costs and attorneys' fees incurred by it in seeking relief for any such alleged breach and nothing herein releases any claim to enforce this Agreement.

15. <u>Effective Date of Agreement</u>. This Agreement shall be effective when the last Party emails a signed copy to the opposing Party.

16. <u>Parties' Representations</u>. Each Party acknowledges and warrants that:

a. It has been advised by the opposing party to consult with an attorney of its choosing prior to executing this Agreement and, if it has chosen not to do so, has done so voluntarily and willingly;

b. it has carefully read this Agreement in its entirety and fully understands the significance of all of its terms and provisions;

c. it is signing this Agreement voluntarily and of its own free will and assents to all the terms and conditions contained herein;

d. no statements or representations made by any Party or any of their agents, employees or legal counsel have influenced or induced it to execute this Agreement;

17. <u>Illegality of Provisions</u>. If, at any time after the Effective Date of this Agreement, any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void, or unenforceable, such provision shall be of no force and effect. The illegality or unenforceability of such provision, however, shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

18. <u>Non-Reliance</u>. Each Party represents and acknowledges that, in executing this Agreement, it has not relied upon any representation or statement not set forth herein.

19. <u>Governing Law</u>. The terms of this Agreement and all rights and obligations of

the parties hereto, including its enforcement, shall be interpreted and governed by the laws of the State of Illinois, without resort to its rules on the conflicts of laws.

20.    No Modification or Waiver.    No provisions of this Agreement may be modified, altered, waived or discharged unless such modification, alteration, waiver or discharge is agreed to in writing and signed by the parties hereto. No waiver by either party hereto of, or compliance with, any condition or provision of this Agreement to be performed by such other party shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time.

21.    Confidentiality.

a.    Confidentiality of Agreement. The Parties shall keep confidential the terms of this Agreement and shall not disclose them except to: (1) the Parties' spouses as appropriate; (2) to the extent necessary to report to appropriate taxing authorities or any regulatory authority as required by law; (3) to the extent necessary to report to any state or federal agency; (4) to the extent necessary to enforce the Parties' rights under the Agreement; (5) to the Parties' attorneys, accountants or tax preparers; (6) in response to an inquiry, order or subpoena issued by or under authority of a court of competent jurisdiction or governmental agency; (7) to the extent necessary under the Bankruptcy Code in any voluntary or involuntary bankruptcy proceeding and directly affecting a Party hereto; or, (8) if required in connection with an insurance or reinsurance application. This Agreement may not be introduced in any proceeding by anyone for any purpose except to enforce its terms.

b.    Confidentiality of Settlement Communications. The Parties agree that under FRE Rule 408, all statements, including, but not limited to, any suggestions, admissions, proposals, opinions and presentations, made during the course of the settlement negotiations are privileged settlement discussions, are made without prejudice to any party's legal position,

and are non-discoverable and inadmissible for any purpose in any pending or future legal or administrative proceeding between the Parties or on behalf of or against third parties. No aspect of any communications or documents exchanged, described, identified, or relied upon during, or generated as a result of, the settlement negotiations, shall be disclosed to any third party, directly or indirectly, or offered or admitted into evidence for any purpose at any proceeding, or inquired or testified about at any deposition in any pending or future litigation or arbitration between or among any of the Parties, except as set forth in this Agreement.

           c.     Breach of Confidentiality and Damages. Because the Parties may have disclosed sensitive information during settlement negotiations, any breach of this provision could cause irreparable injury for which monetary damages would be inadequate. Consequently, any Party may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement in any court with proper jurisdiction in the United States or abroad. Any Party breaching this provision shall be liable for and shall indemnify the non-breaching party for all costs, expenses, liabilities, and fees, including attorney's fees, which may be incurred as a result of such breach.

22.    Non-Disparagement. The Parties agree to treat each other respectfully and professionally and not disparage the other party in any manner likely to be harmful to them or their business, business reputation or personal reputation; provided that both Parties will respond accurately and fully to any question, inquiry or request for information when required by the legal process.

23.    Entire Agreement. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements, or understandings between the parties hereto pertaining to the subject matter hereof.

24.    No Assignment. The Insight Parties and Haberer warrant and represent to

each other that they neither have made, suffered to be made, nor will make any assignment or transfer of any claims, actions, causes of actions, demands, debts, liens, contracts, agreements, promises, representations, torts, damages, costs, attorneys' fees, monies due on accounts, obligations, judgments or liabilities released by this Agreement, and that the Insight Parties and Haberer are the sole and absolute legal and equitable owners of all claims released under this Agreement or pursuant to any release to be issued under this Agreement. Each of the parties hereto represents and warrants that they have the authority to enter into this Agreement.

25. Counterparts. The Insight Parties and Haberer agree that this Agreement may be executed in counterparts and will be valid in electronic (email) form and it is the intent of the Parties that a copy of this Agreement signed by the Parties will be fully enforceable against that Party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FERNANDO HABERER    INSIGHT SECURITIES, INC.

_____  By: _____
                CARLOS LEGASPY, PRESIDENT

Dated:_____6/14/2021_____  Dated: _06/14/2021_____

             _____
             CARLOS LEGASPY, PERSONALLY

             Dated: _06/14/2021_____

I, an officer d u l y authorized to take acknowledgments, duly qualified by
_____, hereby certify that Carlos Legaspy, to
me personally known or who presented identification _____, this day
acknowledges before me that he executed the foregoing Settlement Agreement and Release;
and I further certify that I know Carlos Legaspy to be the individual described in and who
executed the said Settlement Agreement.

IN WITNESS WHEREOF, I hereunto set my hand and official seal at the City of
_____ in this_____ _____ day of_____, 2021.


_____
Notary Public
My Commission Expires

## SCHEDULE A

CORRESPONDENT BANK: PACIFIC COAST BANKERS' BANK; WALNUT CREEK, CA 94596
SWIFT: ▮▮▮▮▮▮
ABA NUMBER: ▮▮▮▮▮
FOR FURTHER CREDIT TO BENEFICIARY BANK: DEVON BANK; CHICAGO, ILLINOIS
DEVON BANK ACCOUNT NUMBER: ▮▮▮▮▮
BENEFICIARY: INSIGHT SECURITIES, INC.
ACCOUNT NUMBER: ▮▮▮▮▮

## SCHEDULE B

THE NORTHERN TRUST COMPANY, CHICAGO. ILLINOIS
SWIFT: CNORUS44
ABA NUMBER: 071000152
ACCOUNT NUMBER: 3801056821
ACCOUNT NAME: THE IAVARONE LAW FIRM/IOLTA ACCOUNT

# EXHIBIT A

**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

INSIGHT SECURITIES, INC.,
a Delaware Corporation,

        CASE NO.: 1:19-cv-02836

     Plaintiff

     v.

FERNANDO HABERER,
a foreign individual,

     Defendant.

_____/

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Insight Securities, Inc., and Defendant, Fernando Haberer (collectively, the

"Parties"), by and through their respective undersigned attorneys, and pursuant to Fed. R. Civ. P.

41(a)(1)(A)(ii), stipulate to the dismissal with prejudice of all claims in this action against

Fernando Haberer, with the Parties to each bear their own attorney's fees, costs and expenses.

Dated this ___day of _____, 2021.

Respectfully submitted,

*Counsel for Plaintiff Insight Securities:*

Nicholas P. Iavarone, Esquire
THE IAVARONE FIRM, P.C.
561 Arbor Lane
South Elgin, IL 60177
Telephone:   (312) 637-9466
Facsimile:    (312) 417-0580
E-mail: niavarone@iavaronefirm.com

By: */s/*_____
Nicholas P. Iavarone, Esquire

- 2 -

*Counsel for Defendant Fernando Haberer:*

**The MPA Law Firm, Inc.**
*Counsel for Fernando Haberer*
Brickell Arch
1395 Brickell Avenue
Suite 800
Telephone: (305) 200-8845
Email: paguila@theMPAlawfirm.com
         dbals@theMPAlawfirm.com

By: */s/ Paula Aguila*
M. PAULA AGUILA
Florida Bar No. 43135
*Admitted Pro Hac Vice*

Christopher Esbrook, Esquire
ESBROOK LAW P.C.
77 W. Wacker Dr Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
Email: christopher.esbrook@esbrooklaw.com

and

Michael Stephan Kozlowski, Jr., Esquire
ESBROOK LAW P.C.
77 W. Wacker Dr Suite 4500
Chicago, IL 60601
Telephone: (312) 319-7681
Email: michael.kozlowski@esbrooklaw.com

# EXHIBIT B

TO BE FILED ONLY IN AN EVENT OF A DEFAULT UNDER SECTIONS 3(i) AND 3(ii)
AND FAILURE TO CURE SUCH DEFAULT UNDER SECTION 4.

## BEFORE THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

INSIGHT SECURITIES, INC.,
a Delaware Corporation,

                          CASE NO.: 1:19-cv-02836

      Plaintiff

      v.

FERNANDO HABERER,
a foreign individual,

      Defendant.

_____/

## AGREED JUDGMENT

The Court, being advised that Plaintiff, Insight Securities, Inc., and Defendant, Fernando
Haberer (collectively, the "Parties"), have reached a final agreement in this action (the
"Agreement"), that an Event of Default described in sections 3(i) or 3(ii) of the Agreement has
occurred, that such default has not been cured in accordance with section 4 of the Agreement,
and being otherwise fully advised as to the applicable facts and law, it is hereby ORDERED
AND ADJUDGED THAT:

In accordance with section 5(b) of the Agreement, the Court hereby enters a final
judgment to settle all claims in this action against Defendant Fernando Haberer, in the amount of
$500,000, less $_____ in payments made under the Agreement, plus simple interest
thereon at the annual rate of nine (9%) percent per annum from _____(the date of the Breach)
until full repayment, plus all costs incurred in connection with the enforcement of the
Agreement, including attorney's fees in the amount of $5,000.00, filing fees, statutory costs and
disbursements, in the United States District Court for the Northern District of Illinois, Eastern
Division or in the Circuit Court of Cook County, Illinois.

- 2 -

Exhibit "B"

**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **INSIGHT SECURITIES, INC., an Delaware corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-cv-02836** |
| **v.** | ) | |
| | ) | **Judge: Hon. Charles R. Norgle, Sr.** |
| **FERNADO HABERER, DARIO** | ) | |
| **EPSTEIN, DIEGO ALEJANDRO** | ) | **Magistrate Judge: Hon. Susan E. Cox** |
| **SAULROMAY, and RADO** | ) | |
| **LIMITED PARTNERSHIP, a New** | ) | |
| **Zealand Limited Partnership,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DECLARATION OF CARLOS LEGASPY**

I, Carlos Legaspy, declare under the penalties of perjury as follows:

1.      I am over the age of 21 and I am a citizen of the United States who is fluent in Spanish. I can testify to all of the matters set forth herein from my first-hand knowledge.

2.      Since December 20, 2012, I have owned Insight Securities, Inc. ("Insight"), a registered securities broker/dealer with its principle place of business in Highland Park, Illinois.

3.      Insight received $17,500 from Fernando Haberer within thirty (30) days of execution of the settlement agreement in this matter.  Insight further received payments of $17,500 on August 15, 2021 and $17,000 on September 15, 2021 for a total of $52,000 in payments.

4.      I personally sent the email attached as Exhibit C to the instant motion notifying Haberer's attorney of the breach resulting from the failure to receive the October 15, 2021 payment due under the Settlement Agreement.

5.      I then sent the letter attached as Exhibit D to the instant motion via email (a copy of which is attached as Exhibit E to the instant motion) and via UPS to Haberer's attorney as specified in the Settlement Agreement informing her of Insight's intention to seek judgement against Haberer.

6.      Exhibits F and G to the instant motion are, respectively, the UPS delivery information I received and the UPS proof of delivery I also received.

FURTHER DECLARANT SAYETH NAUGHT.

Dated:  October 28 ,2021

_____
Carlos Legaspy

I, **Carlos Legaspy,** pursuant to 28 U.S.C. § 1746, declare under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 28, 2021

_____
Carlos Legaspy

# Exhibit "C"

## Notice of Default



**carlos@intelligenicsinc.com**

To  ○Nicholas Iavarone'; ○ paguila@thempalawfirm.com
Cc  ○Alfonso Peña Robirosa'

↩ Reply    ↩ Reply All    → Forward    ⋯

Mon 10/18/2021 12:52 PM

Please be advised that Mr. Haberer is in default of his payment obligations pursuant to Paragraph 1 of the settlement agreement since no payment was received on October 15, 2021. Please consider this email notice pursuant to Paragraph 4 of the settlement agreement that Mr. Haberer has until the close of business on Friday, October 22, 2021 to cure this default.

Nicholas P. Iavarone
The Iavarone Law Firm, P.C.
561 Arbor Lane
South Elgin, Illinois 60177
(312) 637-9466
(800) 417-0580 (fax)

# Exhibit "D"



October 26, 2021

Via UPS, Regular Mail and Email (paguila@thempalawfirm.com)

Fernando Haberer Bergson
c/o Paula Aguila
MPA Law Firm, P.A.
1395 Brickell Ave
Suite 800
Miami, FL 33121

**Re: Notice of Default**

Dear Mr. Haberer:

This letter is formal notification of your breach of the Settlement Agreement and General Release ("the Agreement") between yourself, Insight Securities, Inc. and Carlos Legaspy in case no. 19-cv-02836. Your payment of $17,500 due on October 15, 2021 described in Section 3 of the Agreement. Moreover, after five (5) days' notice was provided to you on October 18, 2021 pursuant to Section 4 of the Agreement, you have failed to cure your default within the 5 business days specified in section 4 of the Agreement.

Therefore, pursuant to section 5b the Agreement, Insight hereby demands the immediate payment of $453,000 USD (comprised of $500,000, the specified default amount, minus the $52,000 already paid plus the $5,000 in specified enforcement costs. Be advised that, pursuant to Section 5b of the Agreement, this amount will accrue default interest at a rate of 9% per annum until satisfaction of the amount owed.

Failure to make immediate payment will cause Insight and Legaspy to obtain the pre-agreed judgement against you in the United States District Court for the Northern District of Illinois Eastern Division.

Sincerely,

Carlos Legaspy
President and CEO
Insight Securities, Inc.

**InSight Securities, Inc.**
**Executive Office**

600 Central Avenue, Suite 265
Highland Park, IL 60035

224/632-4700 tel
224/632-4593 fax
www.insightamericas.net

Member: FINRA • SIPC • MSRB

Exhibit "E"

## Default Notice



**carlos@intelligenicsinc.com**

To  ○ pagula@thempalawfirm.com; ○ 'Alfonso Peña Robirosa'; ○ fernandohaberer@gmail.com

Cc  ○ 'Iavarone Law Firm'; ● James Gaafar

Tue 10/26/2021 10:42 AM

↶ Reply   ↞ Reply All   → Forward

 haberer formal default letter ex.pdf
262 KB    ⌄

Mr. Haberer:

Please find attached the default notice to our agreement.

Sincerely,

Carlos Legaspy

# Exhibit "F"



10/27/21, 10:02 AM                                        Shipment Details

**FedEx**

## FedEx Ship Manager®

My Profile    Logout    ?  Help ▼

| Ship ▼ | LTL Freight | Ship History | My Lists ▼ | Reports | Administration |

### Your Shipment Details

| From: | Dana Adkins | Ship date: | 10/26/2021 |
|---|---|---|---|
| | 600 CENTRAL AVE | Weight: | 1.00 LBS |
| | STE 265 | Declared value: | 0.00 USD |
| | HIGHLAND PARK, IL 60035 | Package Contents: | |
| | US | Document Description: | |
| | 2246324700 | Shipment Purpose: | |
| | | Invoice number: | |
| | | Freight On Value: | |
| To: | Fernando Bergson c/o Paula | Pricing Option: | FedEx Standard Rate |
| | Aguila | Service type: | Standard Overnight |
| | MPA Law Firm, P.A. | Package type: | FedEx Envelope |
| | 1395 Brickell Ave | Pickup/Drop Off: | Drop off package at FedEx location |
| | Suite 800 | Shipper account number: | My Account - 917-917 |
| | MIAMI, FL 33121 | Bill transportation to: | My Account - 917-917 |
| | US | Courtesy rate quote:* | 28.75 USD |
| | 2246324700 | Published rates: | 47.92 |
| Tracking no.: | 775028528717 | Effective net discount: | 19.17 |
| | | Discounted variable %: | |
| | | List variable %: | |
| | | Special services: | |
| | | Shipment type: | Express |
| | | Commercial/Residential Status: | Commercial |

Print  Track  Return to History

**Please note :**
. * The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.
Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

∧  ∨   1   of 2  ⊕ ⊖ ↻ ⊙

# Exhibit "G"

October 27, 2021

Dear Customer,

The fo ow ng s the proof-of-de very for track ng number: 775028528717

**Delivery information:**

| | | | |
|---|---|---|---|
| Status: | De vered | Delivered To: | Recept on st/Front Desk |
| Signed for by: | L.ALVAREZ | Delivery Location: | |
| Service type: | FedEx Standard Overn ght | | |
| Special Handling: | De ver Weekday | | MIAMI, FL, |
| | | Delivery date: | Oct 27, 2021 10:04 |

**Shipping information:**

| | | | |
|---|---|---|---|
| Tracking number: | 775028528717 | Ship Date: | Oct 26, 2021 |
| | | Weight: | 0.5 LB/0.23 KG |

| Recipient: | Shipper: |
|---|---|
| MIAMI, FL, US, | HIGHLAND PARK, IL, US, |

S gnature mage s ava ab e. In order to v ew mage and deta ed nformat on, the sh pper or payor account number of the sh pment must be prov ded.

Thank you for choos ng FedEx

# Exhibit "H"

**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

INSIGHT SECURITIES, INC.,
a Delaware Corporation,                                               CASE NO.: 1:19-cv-02836

      Plaintiff

      v.

FERNANDO HABERER,
a foreign individual,

      Defendant.

_____/

## AGREED JUDGMENT

The Court, being advised that Plaintiff, Insight Securities, Inc., and Defendant, Fernando Haberer (collectively, the "Parties"), have reached a final agreement in this action (the "Agreement"), that an Event of Default described in sections 3(i) or 3(ii) of the Agreement has occurred, that such default has not been cured in accordance with section 4 of the Agreement, and being otherwise fully advised as to the applicable facts and law, it is hereby ORDERED AND ADJUDGED THAT:

In accordance with section 5(b) of the Agreement, the Court hereby enters a final judgment to settle all claims in this action against Defendant Fernando Haberer, in the amount of $500,000, less $52,500 in  payments made under the Agreement, plus simple interest thereon at the annual rate of nine (9%) percent per annum from October 15, 2021(the date of the Breach) until full repayment, plus all costs incurred in connection with the enforcement of the Agreement, including attorney's fees in the amount of $5,000.00, filing fees, statutory costs and disbursements, in the United States District Court for the Northern District of Illinois, Eastern Division or in the Circuit Court of Cook County, Illinois.

Dated this __ day of _____, _____.